[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action in four counts, through its Amended Complaint. Counts One and Two sound in oral contract; the Third Count claims payment for reasonable value for services rendered; and the Fourth Count alleges violation of the Connecticut Unfair Trades Practices Act (CUTPA).
The court after hearing the evidence presented, reviewing the exhibits and hearing arguments, finds the following facts and reaches the indicated conclusions of law.
In Count One the plaintiff alleges and the defendant concurs that the parties entered into an oral contract wherein the plaintiff, a firm providing services in the advertising field, and the defendant, Jetobra, Inc. d/b/a Hoffman Enterprises, an automobile dealership, was to provide certain advertising materials and services to the defendant covering the television and radio advertising media for the Hoffman Enterprises Broadcast Campaign for 1992.
The services to be provided by the plaintiff was to begin April 1, 1992 with all advertising spots on television and radio to end in November, 1992. It also provided that payment for these services was to be made monthly by the defendant to the plaintiff in the sum of $3,600.00 for the period of twelve months beginning April 1, 1992 and ending with the payment on March 1, 1993.
A further provision permitted an early termination of the agreement by written notice 30 days prior to the early termination CT Page 7761 date. The defendant sent a written termination notice to the plaintiff dated January 4, 1993, and mailed on January 14, 1993. The resulting termination date is midnight of February 13, 1993.
Since the plaintiff had provided all the services required of it to the date of notice of termination, the issue raised is, Does the termination notice set out in the parties' agreement permit the defendant to cut off any further monthly payments to the plaintiff, as set out in the oral agreement?
The court determines that this is a sufficient and valid provision within the agreement. The agreement also provided that such a termination within the first 90 days of the agreement would not terminate the monthly payments for a period of six months from April 1, 1992. Thus, it is not inconsistent with the terms of the agreement for a termination notice to be effective at any subsequent time during the term of the contract.
Therefore, the court finds that the monthly payments of $3,600.00 would terminate with the February 1, 1993 payment based upon the early termination notice.
As to plaintiff's Count Two, this count also sets out an oral contract for advertising materials and services to be provided to the defendant by the plaintiff in conjunction with the Hoffman Enterprises/Hoffman Whalers 1992-1993 promotion. These services were provided by the plaintiff to the defendant as requested by the defendant. The issue raised is whether these materials and services were provided under a separate oral contract, as claimed by the plaintiff, or were a part of the original agreement set out in Count One.
The court finds that this agreement set out in Count Two was a separate agreement, distinct from that claimed in Count One of the complaint. The court notes that this agreement was informally developed while the underlying contract between the defendants and the Whalers was being negotiated. Subsequent to the agreement between the defendants and the Whalers, the participation of the plaintiff in the advertising aspects connected with the defendant's Whalers agreement were developed and made specific. However, the terms of this agreement did not specifically include compensation to the plaintiff.
Although the plaintiff did not press the compensation CT Page 7762 issue at the time services were provided by it, the testimony by a principal in this plaintiff's firm, Mr. Clement, was to the effect that this delay in pressing the compensation terms was deliberate on its part in that it had expectations of entering into additional contracts with the defendant.
Therefore, the court finds that there was no meeting of the minds as to the compensation to be paid to the plaintiff and thus no contract was reached.
As to Count Three of the complaint, the plaintiff alleges that it performed services to the defendant, which benefited the defendant and which the defendant took advantage of and for which it expected to pay. Further that these services were provided as set out in Count One and Count Two.
The court finds with regard to plaintiff's performance of services on the Hoffman/Whalers 1992-1993 promotion, that the plaintiff did perform work on this promotion, that this work was performed at the request of the defendant and that it provided a benefit to the defendant for which the defendant expected to pay and the plaintiff expected to receive payment. The court further finds that the reasonable value of the work provided was $5,000.00.
As to the allegations in this count concerning the Hoffman Enterprises Broadcast Campaign for 1992, the court has ruled in this matter in Count One.
Regarding Count Four, the court finds that the plaintiff has failed to prove its claim of a violation of Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. § 42-110 (a) et seq. The court finds for the defendant on this count.
Therefore, judgment may enter as follows:
 Count One — For the plaintiff in the sum of $3,600.00 per month from April 1, 1992 to and including February 1, 1993. Defendant is to receive credit for monthly payments previously made to the plaintiff.
Count Two — For the defendant.
Count Three — For the plaintiff in the sum CT Page 7763 of $5,000.00.
Count Four — For the defendant.
Together with costs to the plaintiff.
JULIUS J. KREMSKI, STATE TRIAL REFEREE.